IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Plaintiff,

v.

INTERNATIONAL MARINE CORPORATION, a
Cayman Islands Company,

    Defendant.
_____/

### COMPLAINT

Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA ("Plaintiff") sues Defendant, International Marine Corporation ("Defendant") and alleges:

1. Plaintiff is an insurance company incorporated in and under the laws of the State of Pennsylvania. At all material times Plaintiff has had its principal place of business in New York City, State of New York.

2. Defendant is a foreign company incorporated in and under the laws of The Cayman Islands.

3. This is an action for damages in excess of $75,000.00. This Court retains diversity jurisdiction pursuant to 28 U.S.C.A. §1332. This action is brought under the provisions of 28 U.S.C.A. §2201 for the purpose of determining a question in actual controversy between the parties. Venue is proper in this judicial district under 28 U.S.C.A. §1391.

4. On or about December 20, 2014, with an effective date of the same date, Plaintiff issued to Defendant Recreational Marine Advanced Policy No. 051761697 ("Yacht Policy"), insuring a 1997 80 foot Palmer Johnson Yacht, Sportfish Model, Hull Identification Number TAJCC219E797 named M/Y CHAIRMAN owned by Defendant with a mooring location at a private residence in Key Largo, Florida. A true and correct copy of Yacht Policy is attached as Exhibit "A"

5. Sometime between June and July of 2014 a company named CMAC Systems, Inc. ("CMAC") performed certain work to MY CHAIRMAN's chill water system, which included, but was not limited to, replacement of raw water piping, hoses, and fittings that supplied raw water to MY CHAIRMAN's chilled water air conditioning system. A raw water pump was also replaced.

6. For its services, CMAC invoiced Defendant the amount

of $2,604.74 by way of Invoice No. 1045, which was dated July 2, 2014.

7. On December 21, 2014, MY CHAIRMAN was moored behind a private residence in Key Largo, Florida, when it was found sitting low in the water, with the engine compartment flooded with seawater. During dewatering operations it was discovered that a hose in the piping that supplied raw water to the packaged chilled water system had separated from a barbed PVC fitting. A single hose clamp was found in the bilge near the fitting.

8. As a result of the flooding of the engine compartment, MY CHAIRMAN was damaged.

9. The MY CHAIRMAN was taken to Rolly Marine Services, Inc. in Fort Lauderdale to be repaired. As of the end of 2017, Plaintiff had paid Defendant the amount of $1,260,000.00 for the repairs. However, Defendant was claiming additional sums to which Plaintiff maintained were not covered by Yacht Policy.

10. Yacht Policy, in part provides:

1. Insuring Agreement
We agree to cover you against all risks of accidental, direct Physical Loss or Property Damage to the Insured Vessel caused by an Occurrence; including salvage charges except as specifically

stated or excluded in the Policy. This coverage is subject to the Navigational Limits and all Policy terms, conditions and exclusions.

* * *

Partial Damage to the Insured Vessel
If the Insured Vessel is partially damaged by reason of a covered Occurrence, we will pay the reasonable costs of repair, with materials of like kind and quality without deduction for depreciation up to the PART A: PROPERTY DAMAGE COVERAGE limit shown on the DECLARATIONS PAGE. We will not pay for any improvement or betterment to the Insured Vessel.

* * *

We will pay no more than the Actual Cash Value at the time and place of loss for the following items over five (5) years of age: sails, canvas or plastic coverings, outboard motors or outdrives and protective covers. We will pay no more than the Actual Cash Value at the time and place of loss for machinery inside the Insured Vessel that is over ten (10) years old.

11. As an impasse had been reached between Plaintiff and Defendant as they could not agree on the amount of the loss under Yacht Policy, on February 22, 2018, Plaintiff made a Demand for Appraisal. Attached hereto as Exhibit "B" is a true and correct copy of the Demand For Appraisal.

12. As its independent appraiser, Plaintiff nominated James McCrory of McCrory & Associates. Defendant nominated Anthony Rossitto of Patton Marine Surveyors and Consultants as

its independent appraiser.

    13. In April of 2018, Plaintiff and Defendant jointly sued CMAC for the damage suffered by the MY CHAIRMAN. Plaintiff and Defendant settled with CMAC's insurer for the amount of $850,000.00, which amount was deposited in the Trust Account of Mejer Law, P.A. pending agreement between Plaintiff and Defendant as to how to divide this amount.

    14. Meanwhile, through James McCrory and Anthony Rossitto, Plaintiff and Defendant resolved their differences as to the amount of the loss and Plaintiff paid Defendant an additional $100,000.00. In total Plaintiff has paid Defendant $1,360,000.00 as a result of the loss arising from the partial sinking that occurred on or about December 21, 2014, and caused through the negligence of CMAC. Defendant executed a Settlement Agreement And Release, attached as Exhibit "C".

    15. In Exhibit "C" Defendant explicitly released Plaintiff from "any claims of any nature whatsoever relating to this matter, the appraisal, the Yacht Policy,..." In particular, Exhibit "C" provides:

> 7. In consideration of the foregoing, the Insured agrees to release, forego, waive and be forever barred from asserting any and all claims, causes of action,

whether based on federal law or state law, whether under statutory, common law or bad faith claims handling theories and for any and all damages, whether compensatory, exemplary, punitive, incidental or consequential, or attorney's fees and costs relating to the Yacht Policy including, the alleged damage and loss which is the subject matter of this claim, any type of expense such as but not exclusively, necessaries, services and supplies, sue and labor investigation fees, travel expenses, attorney's fees, interest, appraisal costs and litigation costs, which were or could possibly have been the subject matter of the claim by the Insured and any other individual, entity or party claiming an interest in the Yacht Policy and any all claims that were or could have been asserted by any of the foregoing in the claim and lawsuit.

16. However, division of the $850,000.00 that was recovered from CMAC was expressly excluded as part of the parties' settlement. Exhibit "C" provides, in part:

14. For the avoidance of doubt, this Release shall not resolve any issues between the parties to this release in the case No. 1:18-cv-21555-DPG styled INTERNATIONAL MARINE CORPORATION, a Cayman Islands Company, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, as subrogee, Plaintiffs, in the case against CMAC SYSTEMS, INC., a Florida, as corporation, as Defendant. Those issues, having to do with the division of settlement proceeds in that case, will be dealt with separately between the parties thereto.

17. Plaintiff claims that by paying Defendant $1,360,000.00 Defendant has been made whole. Defendant has

claimed entitlement to receive from the proceeds amounts varying between the entire amount of $850,000.00 to $378,000.00.

18. By reason of the claims made by Defendant, Plaintiff is in great doubt as to how much Defendant is entitled to receive out of the $850,000.00 settlement proceeds.

19. Plaintiff seeks a declaration of rights from this Court as to how the $850,000.00 settlement proceeds ought to be divided between the parties.

WHEREFORE, Plaintiff requests that the Court adjudge:

1. What amount each party is entitled to receive out of the $850,000.00 settlement proceeds that are now in escrow.

2. Plaintiff recover its costs and such other relief as the Court deems just and proper.

*Alvaro L. Mejer*

Alvaro L. Mejer
Fla Bar No. 222623
MEJER LAW, P.A.
Sun Trust Plaza / Suite 504
201 Alhambra Circle
Coral Gables, Florida 33134
Telephone (305) 444-3355
Telefax (305) 442-4300
E-mail: amejer@mejerlaw.com
Alvaromejer@gmail.com
Annie@mejerlaw.com